The STATE of Utah, Plaintiff and Respondent,

v.

Leland Jack FACER and Robert W. Shields, Defendants and Appellants.

No. 14251.

Supreme Court of Utah.

June 28, 1976.

Richard J. Leedy, Salt Lake City, for defendants and appellants.

Vernon B. Romney, Atty. Gen., William W. Barrett, Stephen R. Randle, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The appellant, Mr. Facer, appeals from a verdict of guilty and sentence pursuant thereto. He was charged with the crime of fraud in connection with the offer, sale or purchase of a security in violation of

Section 61-1-1, U.C.A.1953, Replacement Volume 7A, which so far as material reads:

It is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly

(1) to employ any device, scheme, or artifice to defraud,

(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or

(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

The scheme to defraud which the State claims the appellant used was as follows:

The appellant would buy stock from a broker and would have seven days in which to pay for it. He would immediately sell it through another broker and collect the cash and rebuy it on seven days' credit. Some of his transactions were made in his own name while many others were in the names of other people, some of whom did not even know that their names were being used. He dealt through many brokerage firms, many of whom did not know the appellant was buying the identical stocks he was selling. A couple of firms finally knew that he was dealing on both ends of the transfer of stock.

By buying and selling to himself great quantities of stock in three corporations of limited, or no assets, he caused the price of stock to rise to great heights.

In one shill corporation he caused a five-to-one split in stock and then caused another split of three-to-one making a total of fifteen shares instead of one, and he so manipulated the market that the split shares were sold at the same price as the original shares did.

The Securities and Exchange Commission suspended the trading of stock in one of the corporations for ten days due to the rapid rise in the price of stock in a corporation which had furnished no evidence of value to its assets, if any.

The prices of the stock immediately began to fall and the appellant was unable to pay the brokers from whom he had bought the stock on seven days' credit. These unpaid debts amounted to many thousands of dollars.

These facts are not in substantial dispute. However, the appellant claims that by buying stock on seven days' credit and forthwith selling it, he in effect was obtaining a loan of the money for seven days. If that was his intention, then of course he would not be guilty of using a scheme to defraud. However, the jury did not believe the story, and it is also a wee bit difficult for us to believe that a person who wanted to borrow money would pay for a double commission of 12 per cent or more for the use of money for seven days. That is paying at the rate of 624 per cent per year.

The appellant claims that the trial court erred in not instructing the jury to the effect that if the victims did not rely on the scheme to their detriment the appellant could not be found guilty.

The charge against the appellant and the one for which he was found guilty was not based upon a fraud *which caused a loss*. Rather, it was for intentionally employing a device, scheme, or artifice to defraud. A scheme to defraud does not need to come to fruition in order to complete the crime. It is somewhat like the statute on Burglary: Entering with intent to steal. The crime is complete when the entry is made with the intent. Whether anything is stolen or not has nothing to do with the crime.

In the case of *United States v. Amick,* 439 F.2d 351 (7th Cir. 1971), a prosecution was had under 15 U.S.C. Sec. 77q(a) which is in language almost identical to that in the statute under which the appellant was charged and convicted. There the

defendant contended that the prosecution failed to prove that purchasers of stock relied on the untrue statements alleged to have been made. In affirming the conviction the court there stated:

Courts have said that in prosecutions under 15 U.S.C. § 77q(a), at least where a fraudulent scheme was employed, it is unnecessary to prove that a victim parted with money or property in reliance upon misrepresentations.

A number of cases so holding are cited in the opinion. It is to be remembered that the instant case is criminal and not civil where a defrauded person seeks damages for the fraud.

Other assignments of error are made but they are without merit and therefore are not discussed herein.

The trial court did not err in refusing to instruct as requested by the appellant. The evidence was sufficient to justify the verdict rendered. The judgment is affirmed.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.